# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# AT MEMPHIS

| | |
|---|---|
| **ALEXA POUNCEY,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.: 2:17-cv-2287 |
| ) | |
| **AMERIPARK, LLC,** ) | |
| ) | |
| Defendant. ) | |
| ) | |

## ANSWER TO AMENDED COMPLAINT

Pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, the Defendant, AMERIPARK, LLC, by and through counsel, hereby submits its Answer to the Amended Complaint filed by Plaintiff, and would state unto the as follows:

1. Defendant admits the allegations contained in ¶ 1 of the Amended Complaint upon information and belief.

2. Defendant admits the allegations contained in ¶ 2 of the Amended Complaint.

3. Defendant admits the allegations contained in ¶ 3 of the Amended Complaint.

4. Defendant admits that the Circuit Court of Tennessee for the Thirtieth Judicial District at Memphis would have jurisdiction over this matter, but that this Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 and 1446.

5. Defendant admits the allegations contained in ¶ 5 of the Amended Complaint.

6. Defendant admits the allegations contained in ¶ 6 of the Amended Complaint.

7. Defendant admits the allegations contained in ¶ 7 of the Amended Complaint.

8. Defendant admits the allegations contained in ¶ 8 of the Amended Complaint.

9. Defendant denies the allegations contained in ¶ 9 of the Amended Complaint as pled, and would state that Defendant maintains a rigid policy for recruiting, screening and selecting candidates, and their screening process includes behavioral interviews, a driving test, a DMV record check, and a criminal background check. Furthermore, upon hiring, each valet receives more than eight hours of training that combines classroom study with on-the-job work and each valet then enters the AmeriPark University training program to focus on guest service, communication skills, and additional training on valet operations.

10. Defendant denies that it was guilty of or is liable for any negligence, such alleged negligence being denied.

11. Defendant denies any negligence, wantonness, or carelessness on the part of Defendant or any of its employees. Defendant admits that a collision occurred on or about August 11, 2014 on Madison Avenue in Shelby County, Tennessee, between the vehicle operated by Plaintiff and a vehicle driven by Shun Thompson, an employee of Defendant. Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegation that Plaintiff was traveling west on Madison Avenue. Defendant admits upon information and belief that Plaintiff sustained physical injuries as a result of the accident. Defendant denies the remaining allegations contained in ¶ 10 of the Amended Complaint.

12. Defendant incorporates as if set forth verbatim the responses to the separately numbered paragraphs above, and Defendant denies the allegations contained in ¶ 12 of the Amended Complaint, including but not limited to, all subparts.

13. Defendant denies the allegations contained in ¶ 13 of the Amended Complaint, including but not limited to, all subparts.

14. Defendant incorporates and reasserts its responses to the separately numbered paragraphs above. To the extent that ¶ 14 of the Amended Complaint requires a response or would affect the rights of Defendant, Defendant denies the allegations.

15. Defendant denies the allegations contained in ¶ 15 of the Amended Complaint, including but not limited to, all subparts.

16. Defendant incorporates and reasserts its responses to the separately numbered paragraphs above. To the extent that ¶ 16 of the Amended Complaint requires a response or would affect the rights of Defendant, Defendant denies the allegations.

17. Defendant admits the allegations contained in ¶ 17 of the Amended Complaint.

18. Defendant admits the allegations contained in ¶ 18 of the Amended Complaint.

19. Defendant denies the allegations contained in ¶ 19 of the Amended Complaint.

20. Defendant denies the allegations contained in ¶ 20 of the Amended Complaint.

21. Defendant denies the allegations contained in ¶ 21 of the Amended Complaint.

22. Defendant denies the allegations contained in ¶ 22 of the Amended Complaint.

23. Defendant denies the allegations contained in ¶ 23 of the Amended Complaint, including, but not limited to, all subparts.

24. With regard to the allegations and relief sought under the title "RELIEF SOUGHT" in the Amended Complaint, Defendant denies such allegations and denies that Defendant is liable to Plaintiff whatsoever.

25. Any allegation contained in the Amended Complaint that has not heretofore been admitted, denied, or otherwise responded to is hereby denied by Defendant.

26. Defendant affirmatively avers that Plaintiff has failed to state a cause of action upon which relief can be granted.

27. Defendant affirmatively avers that the proximate cause of Plaintiff's alleged injuries and damages, if any, is the negligence of Plaintiff in failing to care for her own safety and maintain awareness of her surroundings, among other acts and omissions.

28. Defendant hereby alleges the comparative fault of Plaintiff and asserts that Plaintiff's claim should be barred by her comparative fault, or, in the alternative, that Plaintiff's recovery, if any, should be reduced proportionally to her comparative fault.

29. Defendant states that its actions or omissions, if any, were not the cause in fact or proximate cause of any losses or damages allegedly sustained by Plaintiff.

30. Defendant asserts that the acts or omissions of any of its employees or agents were not the cause in fact or proximate cause of any losses or damages allegedly sustained by Plaintiff.

31. Defendant states that to the extent that Plaintiff failed to mitigate damages, any claim for damages is barred or diminished.

32. At all times relevant to the series of events and occurrences made the basis of this action, Defendant exercised ordinary care, thereby relieving it of any liability herein.

33. Defendant states that it has breached no duty of care, if any, owed to Plaintiff.

34. Defendant states that the losses and damages complained of herein, if any, resulted from the acts of omissions of persons or entities other than Defendant or employees or agents of Defendant. Alternatively, such acts or omissions of persons or entities other than Defendant or any of its agents or employees constitute an independent,

intervening, and/or superseding cause of the losses and damages complained of herein, barring recovery by Plaintiff.

35. Defendant avers that intervening or superseding events operated to break any causal link between anything done or not done by Defendant Budget and any damages sustained by Plaintiff.

36. Defendant states that Plaintiff has not sustained any damages due to the actions or omissions of Defendant or any of its agents or employees.

37. Defendant affirmatively pleads and relies upon any and all limitations and/or caps as set forth in the Tennessee Civil Justice Act of 2011, including specifically any caps on damages, apportionment of liability, and any other applicable provisions of said statute.

38. Defendant reserves the right to amend its Answer to the Complaint including, but not limited to, the ability to assert additional affirmative defenses and/or add potentially responsible parties.

39. Defendant respectfully demands a jury.

NOW HAVING FULLY ANSWERED the Complaint filed herein against Defendant, Defendant requests that this Court enter a judgment dismissing the Plaintiff's Complaint, together with all claims contained therein, with prejudice, and for such other and further relief as this Court deems just and proper.

Respectfully submitted:

/s/ Jared S. Renfroe
Jared S. Renfroe #29359
SPICER RUDSTROM, PLLC
119 South Main, Suite 700
Memphis, Tennessee 38103
(901) 522-2317 phone
(901) 526-0213 fax
jrenfroe@spicerfirm.com
*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing has been served upon the foregoing, by placing same in the U.S. Mail, first class postage prepaid, this the 25th day of April, 2017.

| | |
|---|---|
| Charles Holliday, Esq. | J. Jeffrey Lee, Esq. |
| Law Offices of Jeffrey Garrety | Law Office of J. Jeffrey Lee |
| 65 Stonebridge Blvd. | 1303 Madison Avenue |
| P.O. Box 10308 | Memphis, Tennessee 38104 |
| Jackson, Tennessee 38308-0105 | |

/s/ Jared S. Renfroe
Jared S. Renfroe